**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHASE MANHATTAN BANK USA, N.A.,

      Plaintiff,

vs.                                           Case No. 3:04-cv-1205-J-32HTS

NATIONAL ARBITRATION COUNCIL,
INC., et al.,

      Defendants.

## **ORDER GRANTING PRELIMINARY INJUNCTION**

This case is before the Court on Plaintiff Chase Manhattan Bank, USA, N.A.'s Motion for Preliminary Injunction. (Doc. 4). Defendants National Arbitration Council, Inc. ("NAC") and Charles S. Morgan filed a response. (Doc. 29).[1] The Court held a hearing on May 23, 2005, the proceedings of which are hereby incorporated by reference.

### **I. Background**

NAC is an "arbitration service" with Mr. Morgan serving as its sole proprietor and arbitrator. (Defs.' Resp. to Req. for Admis., ¶¶ 2, 5). Plaintiff Chase

---

[1] Defendants' response is titled "Motion to Deny and Opposition to Request for Temporary Injunction."

Manhattan Bank USA, N.A.,[2] for present purposes, is a credit card company. (Szlezak Aff., ¶ 4). In March 2003, Chase began receiving letters titled as "notices" and "demands" for arbitration from credit card customers stating that Chase agreed to arbitrate disputes under the rules of NAC. (Id., ¶¶ 16, 18(e)). These letters contained language similar to the following exemplar "Demand for Arbitration":

> Notwithstanding any other agreements which may be in conflict with these terms, be advised that I have a pending dispute with your organization as indicated by my previous correspondences. We have agreed to resolve any disputes between us in a binding arbitration subject to the rules and procedures of the arbitration service listed herein:
> National Arbitration Council, Inc.
> P.O. Box 234
> O'Brien, FL 32071-0234
> . . . .

(Id., ¶¶ 18(e)-(f), Exs. K, L). These "notices" and "demands" were not in accord with Chase's cardholder agreements (including both Chase Manhattan's and Bank One's cardholder agreements), which have never listed NAC as an available

---

[2] On October 1, 2004, Chase Manhattan Bank, USA, N.A. merged with Bank One, Delaware, N.A, and formed Chase Bank USA, N.A. (Id., ¶¶ 1,3). While the Verified Complaint lists Chase Manhattan Bank, USA, N.A. as the plaintiff, it also avers that Chase Manhattan is the "successor to Bank One, Delaware, N.A., a national banking association, by merger on October 1, 2004." (Doc. 1, ¶ 4). Additionally, a Chase affidavit states that Chase Bank USA, N.A. was formerly known as Chase Manhattan Bank, USA, N.A. (Szelzak Aff., ¶ 1). Despite this technical defect, it is clear that plaintiff intended Chase Bank USA, N.A. to be the plaintiff in this case. Thus, throughout this Order, when the Court refers to "Chase," it is referring to Chase Bank USA, N.A.

arbitration forum.  (Id., ¶ 11).  Instead, only three arbitration firms have appeared in Chase cardholder agreements as available arbitration fora: the American Arbitration Association ("AAA"), JAMS, or the National Arbitration Forum ("NAF").  (Id., ¶ 4).[3]

Despite not being listed as an agreed arbitrator in any of Chase's cardholder agreements, NAC has issued approximately 114 "arbitration awards" ordering Chase to pay almost $1.25 million in damages.  (Id., ¶ 22).  NAC admits that it has never received evidence of a written agreement signed by Chase in which Chase agreed to allow NAC to arbitrate claims involving Chase.  (Defs.' Resp. to Req. for Admis., ¶¶ 14-15).  Additionally, Chase's predecessor, Bank One, sent NAC letters in response to NAC's "awards" which stated:

> We recently received documents from National Arbitration Council, Inc. in which National Arbitration Council, Inc. proposes to enter an Award against Bank One, N.A.  Bank One, N.A. has never agreed to submit disputes with its Cardmembers to your organization.  Consequently, your organization has no jurisdiction over this matter.
>
> Accordingly, you are directed to cease asserting that Bank One, N.A. has agreed to submit matters to your entity or that your entity has any authority in this matter . . . .

(Szlezak Aff., ¶ 20, Ex. P).

---

[3] Between early 1998 and March 2003, Bank One's cardholder agreement provided NAF as the only available arbitration forum.  (Id., ¶¶ 6-7).

Chase has never participated in any arbitration conducted by NAC or Mr. Morgan. Of the nearly 114 "awards" involving Chase that Mr. Morgan and NAC have issued, Chase has lost every one. (Defs.' Resp. to Req. for Admis., ¶ 9).[4] These "awards" are always in the exact amount requested by the claimant cardholder (the amount of the cardholder's outstanding credit card debt) plus NAC's $170 fee, (Szlezak Aff., ¶¶ 17, 18(h), Exs. L, N; Defs.' Resp. to Req. for Interrogs., ¶ 11(ii)), and declare that Chase owes the claimant cardholder for the amount of the claim.[5] (Szlezak Aff., Ex. N). Each "award" against Chase is accompanied by a cover letter from NAC informing Chase that the "award" is "final and binding" against Chase and that the "time for appeal has expired." (Id., ¶ 18(h), Ex. N).

---

[4] As this Court noted in a related case involving NAC and Citibank: "There are apparently no actual proceedings in NAC arbitrations, no witnesses called, or the like . . . . All of NAC's arbitration awards are entered based solely on a review of papers provided by the cardholder." Citibank (South Dakota), N.A. v. Nat'l Arbitration Council, Inc., No. 3:04-cv-1076-J-32MCR, Doc. 45 n.3 (M.D. Fla. Dec. 13, 2004).

[5] The following exchange occurred between the Court and defendants' counsel during the preliminary injunction hearing:
> THE COURT: So I'm a cardholder, I owe Chase Manhattan Bank $20,000, I go to Mr. Morgan, I pay him $170, and I get a piece of paper that says, I don't owe them any money anymore and they owe me $20,000 plus $170? Right?
> MS. TROUTWINE: Yes.

Defendants' counsel later clarified that NAC awards do not include an additional amount beyond the amount necessary to zero out the cardholder's credit card balance plus NAC's fee.

## II.  Discussion

For a preliminary injunction to issue, the movant must establish: "(1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest."  Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).

Chase's Verified Complaint alleges that defendants intentionally interfered with Chase's contractual relationships with its customers, and committed unfair and deceptive acts and practices in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes § 501.201 et seq.  (Doc. 1). This Court recently granted a preliminary injunction against NAC and Mr. Morgan in a case involving similar claims and facts to the instant case.  See Citibank (South Dakota), N.A. v. Nat'l Arbitration Council, Inc., No. 3:04-cv-1076-J-32MCR, Doc. 45 (M.D. Fla. Dec. 13, 2004).

"Under Florida law, the elements of a cause of action for tortious interference with a contractual relationship are: (1) [t]he existence of a contract, (2) [t]he defendant's knowledge of the contract, (3) [t]he defendant's intentional procurement of the contract's breach, (4) [a]bsence of any justification or privilege,

5

[and] (5) [d]amages resulting from the breach." Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1321 (11th Cir. 1998).  Based on Chase's cardholder agreements, Ms. Slzezak's affidavit,[6] and defendants' admissions and responses to interrogatories, Chase has demonstrated that it is substantially likely to prove these elements.

Defendants argue that the arbitration clause in Chase's cardholder agreement is invalid because it is not mutually negotiated or agreed to, but instead is unilaterally imposed on the cardholder by Chase.  Even assuming, *arguendo*, that the arbitration clause in Chase's cardholder agreement is unconscionable or is an improper modification of the original cardholder agreement,[7] it does not follow that NAC and Mr. Morgan have authority to arbitrate disputes between Chase and its cardholders.[8]  See Austin v. Stovall, 475 So. 2d 1014, 1015 (Fla. 3d DCA 1985). In Austin, the plaintiffs, "dissatisfied with the arbitrator chosen by the parties' pursuant to their agreement, unilaterally dismissed the arbitrator and chose a new 'arbitrator' before whom, with the defendants declining to participate, the plaintiffs

---

[6] Ms. Szlezak is an assistant treasurer for Chase Bank Card, Inc., a Chase subsidiary.  (Szlezak Aff., ¶ 1).

[7] Issues the Court does not reach.

[8] A cardholder who believes that the arbitration provision in the Chase cardholder agreement is invalid may seek relief from that provision in court.  However, NAC may not unilaterally provide relief to a cardholder through unauthorized arbitration proceedings.

6

conducted further proceedings . . . ." Id. The Austin court declared that the proceedings and the subsequent award were "nullities." Id. Indeed, Florida Statutes § 682.04 provides the procedure for appointing an arbitrator if an arbitration agreement "fails":

> If an agreement or provision for arbitration subject to this law provides a method for the appointment of arbitrators or an umpire, this method shall be followed. In the absence thereof, or if the agreed method fails or for any reason cannot be followed, . . . *the court*, on application of a party to such agreement or provision shall appoint one or more arbitrators or an umpire. An arbitrator or umpire shall have like powers as if named or provided for in the agreement or provision.

Fla. Stat. § 682.04 (2004) (emphasis added). Additionally, the Federal Arbitration Act contains a similar provision. See 9 U.S.C. § 5. Section 5 provides in relevant part:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but . . . if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, . . . then upon the application of either party to the controversy *the court* shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein . . . .

Id. (emphasis added); see also Brown v. ITT Consumer Fin. Corp., 211 F.3d 1217, 1222 (11th Cir. 2000) ("Where the chosen forum is unavailable, however, or has failed for some reason, § 5 applies and a substitute arbitrator may be named.").

7

Thus, NAC may not unilaterally designate itself as an arbitrator of disputes involving Chase customers. Moreover, NAC and Mr. Morgan have not been appointed by any court to resolve such disputes. Yet, NAC has issued numerous "arbitration awards" against Chase to date despite having no signed agreement from Chase authorizing such proceedings, and in the face of Chase's predecessor Bank One's clear statements to NAC that it never agreed to submit disputes to NAC. Chase has demonstrated a substantial likelihood of success on the merits of its tortious interference and FDUTPA claims.

Chase has also satisfied the irreparable harm prong of the preliminary injunction standard. "[A]rbitration is a creature of contract, and thus the powers of an arbitrator extend only as far as the parties have agreed they will extend." Czarina, L.L.C. v. W.F. Poe Syndicate, 358 F.3d 1286, 1293 (11th Cir. 2004). Here, Chase has not contractually agreed to have NAC arbitrate disputes between Chase and its cardholders. Despite this lack of agreement and explicit notice from Bank One that it did not agree to arbitrate claims with NAC, defendants issued "awards" in cardholder "disputes" involving Chase. Defendants have provided no indication that they intend to end this practice. "Being compelled to arbitrate a claim in the absence of an agreement to arbitrate that claim constitutes an irreparable injury." MONY Sec. Corp. v. Bornstein, No. 2:02cv9FTM29DNF, 2002

WL 32153368, at *1 (M.D. Fla. Feb. 8, 2002).[9] Moreover, being forced to contend with arbitration awards issued by an arbitrator who lacks contractual or other legal authority to bind the parties constitutes irreparable harm.[10]  The Court is therefore satisfied that Chase will suffer irreparable harm if a preliminary injunction is not issued.[11]

The Court also finds that Chase has satisfied the final two prongs of the preliminary injunction standard.  The harm suffered by Chase in the absence of a preliminary injunction clearly outweighs the harm NAC and Mr. Morgan will suffer if enjoined from issuing arbitration awards in disputes that they have no contractual or other legal authority to arbitrate.  Moreover, there will be no disservice to the public if a preliminary injunction is issued; indeed Chase cardholders will be protected from paying for and participating in invalid NAC arbitration proceedings.

---

[9] Defendants' response claims that Chase refused to file a response in all arbitrations undertaken by NAC and that "NAC and Morgan are authorized to arbitrate a claim once it is submitted by the claimant . . . until and unless respondent raises valid objections that require the dismissal of the dispute by the arbitrator." (Doc. 29 at 2).

[10] To date, Chase has been served with twelve lawsuits from cardholders attempting to confirm NAC "awards" in their favor.  (Szlezak Aff., ¶ 24, Ex. R).

[11] See also, Special Purpose Accounts Receivable Coop. Corp. v. Prime One Capital Co., 125 F. Supp. 2d 1093, 1105 (S.D. Fla. 2000) ("[I]rreparable injury is presumed in cases involving tortious interference with business relationships.").

Accordingly, it is hereby **ORDERED:**

1. Plaintiff's Motion for Preliminary Injunction (Doc. 4) is **GRANTED**.

2. Pending further Order of the Court, defendants National Arbitration Council, Inc. and Charles Morgan, and any officers, agents, servants, employees, representatives, successors, and assigns, and all other persons, firms or corporations acting in concert, privity or participation with them, are hereby **ENJOINED AND RESTRAINED** from:

    a. directly or indirectly accepting or referring any arbitration demands relating to or arising from any cardholder accounts of Chase (as Chase is defined in footnote 2) or its current and former affiliates,

    b. directly or indirectly conducting any arbitration proceedings involving Chase or its current and former affiliates,

    c. directly or indirectly issuing any arbitration award involving Chase or its current and former affiliates,

    d. directly or indirectly interfering in any way with any contractual relationship between Chase or its current and former affiliates and their cardholders, and

    e. accepting any money from cardholders of Chase or its current and former affiliates for arbitrations services.

3. The issue of the necessity or amount of an injunction bond was not

addressed either in the parties' papers or at the hearing.  Therefore, no later than June 10, 2005, defendants may file a motion relating to that issue.  Plaintiff should respond no later than June 17, 2005.  However, while the Court considers the issue of a bond, the provisions of this preliminary injunction are in full force and effect.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of May, 2005.

_____
TIMOTHY J. CORRIGAN
United States District Judge

j.
Copies:
counsel of record